(92 South. 908)

## GRAVES v. STATE. (8 Div. 940.)

(Court of Appeals of Alabama. April 11, 1922.)

Intoxicating liquors ☞236(6½) — Evidence held insufficient for conviction of possessing.

Where there was no testimony to show that defendant was in possession of the liquid in question, or that it was intoxicating, evidence *held* insufficient for conviction of possessing intoxicating liquors.

Appeal from County Court, Morgan County; W. T. Lowe, Judge.

B. F. Graves was convicted of violating the prohibition laws, and he appeals. Reversed and remanded.

The defendant was charged by affidavit with having in his possession prohibited liquors. The evidence for the state tended to show that the two state witnesses went to the grocery store operated by the father of the defendant, and there found a partially filled case of corrugated bottles filled with an amber-colored liquid, which were corked with tin-tipped crest corks. The liquid was not opened nor tested in any way, so far as is disclosed by the record, and there was no testimony concerning its character, ex-

cept the testimony of the defendant, who stated it was nonintoxicating and nonalcoholic, and was kept by him for his personal use, having been prescribed for him by a physician. The defendant was not in the store at the time, and did not stay in the store, but was chief clerk for the Southern Railroad.

S. A. Lynne, of Decatur, for appellant.

Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. The evidence in this case is not sufficient to convict the defendant of a violation of any of the prohibition laws of this state, and the court should have so charged the jury. Prosecutions, such as are here presented, have a tendency to bring the prohibition laws into disrepute, and should never be brought.

For the error pointed out the judgment is reversed and the cause is remanded.

Reversed and remanded.